**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DAVID VICKERY,

        Plaintiff,

v.                                                      Case No. 6:16-cv-248-Orl-37KRS

CUMULUS BROADCASTING, LLC; and
CUMULUS MEDIA, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Complaint and Demand for Jury Trial (Doc. 1), filed February 12, 2016;

2. Defendant Cumulus Media, Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 19), filed April 15, 2016; and

3. Plaintiff's Response in Opposition to Defendant Cumulus Media, Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 24), filed April 28, 2016.

Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

**BACKGROUND**

On February 12, 2016, Plaintiff initiated the instant action against Defendants Cumulus Broadcasting, LLC ("**CBL**") and Cumulus Media, Inc. ("**CMI**") for: (1) failure to pay him overtime wages in violation of the Fair Labor Standards Act ("**FLSA**") ("**Count I**"); and (2) breach of contract ("**Count II**") (Doc. 1 ("**Complaint**").) Specifically, Plaintiff alleges that he worked as a disc jockey at the WAOA-FM radio station ("**Radio Station**")

in Brevard County, Florida, for approximately fourteen years. (*Id.* ¶¶ 18, 19.) According to the Complaint, Defendants owned and operated the Radio Station and were Plaintiff's employers. (*See id.* ¶¶ 18, 6, 8, 12.)

Plaintiff's primary role at the Radio Station was co-hosting a five-hour morning show, Monday through Friday, for a total of twenty-five hours per week. (*Id.* ¶ 21.) Additionally, Plaintiff routinely performed other work on behalf of the Radio Station, including: (1) preparing and producing shows; (2) appearing and performing at customer-related and charitable events; (3) making promotional appearances; (4) setting up sound equipment; and (5) marketing work (collectively, "**Additional Work**"). (*Id.* ¶ 22.) The Additional Work regularly amounted to at least twenty hours per week. (*Id.*) As such, Plaintiff routinely worked at least forty-five hours per week at the Radio Station. (*Id.*)

In Count I, Plaintiff avers that: (1) under the FLSA, Defendants were required to pay him overtime compensation of one-and-one-half times his normal hourly rate for the hours he worked in excess of forty hours each week; and (2) Defendants failed to pay him such overtime compensation. (*Id.* ¶¶ 31, 33.) In Count II, Plaintiff alleges that, pursuant to the terms of his employment agreement (Doc. 1-1 ("**Employment Contract**")): (1) he was entitled to receive certain bonus payments; and (2) Defendants breached the terms of the Employment Contract by failing to pay him such bonuses. (*Id.* ¶¶ 42–48.)

In the instant Motion, Defendant CMI moves to dismiss the claims against it on the grounds that it is not Plaintiff's employer under the FLSA and was not a party to the Employment Contract.[1] (Doc. 19 ("**MTD**").) Plaintiff responded in opposition. (Doc. 24.)

---

[1] CBL answered the Complaint on April 15, 2016. (Doc. 18.)

2

The matter is now ripe for the Court's determination.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss pursuant to Rule 12(b)(6), the Court limits its consideration to the "well-pleaded factual allegations." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

In its MTD, CMI contends that CBL alone is Plaintiff's employer. (*See* Doc. 19, p. 1.) Specifically, CMI argues that: (1) there are no facts in the Complaint to support Plaintiff's allegation that CMI is his employer; and (2) such allegation is contradicted by the terms of the Employment Contract attached to the Complaint (Doc. 1-1). (*Id.* at 1–2.) Therefore, CMI maintains that the Complaint fails to state a claim against it under either Count. (*Id.* at 5–6.) Further, because CBL is identified as Plaintiff's employer in the Employment Contract, CMI asserts that amendment would be futile. (*Id.*)

In response, Plaintiff argues that CMI is his employer within the meaning of the FLSA because CMI owned and operated the Radio Station at which Plaintiff worked during the relevant time period. (Doc. 24, p. 2.) Additionally, Plaintiff represents that, during pre-suit settlement discussions, CBL took the position that—notwithstanding

Plaintiff's employment at the Radio Station until February 19, 2015—the Employment Contract expired in 2010. (*Id.*) Confusingly, Plaintiff avers that—in light of CBL's repudiation of the Employment Contract—*CMI s*hould be estopped from arguing that it has no obligation to satisfy Plaintiff's rights under the Employment Contract. (*Id.*) The Court rejects both arguments.

**I.      Count I**

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The same section defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). As such, it is immaterial whether a party *intended* to create an employment relationship; "it is sufficient that one person suffer or permit [another] to work." *Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974).

"[T]he issue of whether an employment relationship exists under the FLSA must be judged by the 'economic realities' of the individual case." *Donovan v. New Floridian Hotel, Inc.*, 676 F.3d 468, 470 (11th Cir. 1982) (citing *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 (5th Cir. 1979)). The economic reality test includes inquiries into whether the alleged employer: (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the employee's rate and method of payment, and (4) maintained employment records. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting

*Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)). Indeed, the Eleventh Circuit has condemned the practice of focusing on a single factor, such as control; rather, the district court must consider the entire circumstances of the work relationship. *Brennan*, 492 F.2d at 708.

Here, the Complaint alleges, in conclusory fashion, that CMI is Plaintiff's employer under the FLSA. (*See* Doc. 1, ¶¶ 6, 12.) In support, Plaintiff alleges only that: (1) CBL and CMI owned and operated the Radio Station at which Plaintiff was employed as a disc jockey (*id.* ¶¶ 18, 19); and (2) Plaintiff was party to an Employment Contract with CBL and CMI from October 1, 2007, through February 19, 2015 (*id.* ¶ 42). The Complaint is devoid of any other allegations with respect to the status of CMI as Plaintiff's employer.

Upon consideration, the Court finds that, under the economic reality test, the factual allegations in the Complaint are insufficient to establish that CMI was Plaintiff's employer within the meaning of the FLSA. Importantly, there are no allegations as to whether CMI: (1) had the power to hire or fire Plaintiff; (2) supervised or controlled Plaintiff's work schedule or his conditions of employment; (3) determined Plaintiff's pay; or (4) maintained Plaintiff's employment records. *See Villarreal*, 113 F.3d at 205. Thus, standing alone, the allegation that CMI owned and operated the Radio Station at which Plaintiff worked is inadequate to demonstrate that CMI was Plaintiff's employer under the FLSA during the relevant time period.

Though Plaintiff's response to the MTD presents some persuasive arguments, the Court may not consider them in ruling on the sufficiency of the Complaint. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (stating that in assessing a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint").

Nonetheless, in light of such arguments, the Court does not believe that amendment of Count I would be futile and will, therefore, allow Plaintiff leave to amend.

**II.     Count II**

Turning now to Count II, the Court finds that Plaintiff's allegation that CMI was a party to the Employment Contract is squarely contradicted by the contract terms.[2] (*See* Doc. 1-1.) Indeed, the very first paragraph of the Employment Contract states that only CBL and Plaintiff entered into the ensuing agreement. (*Id.* at 1.) The Employment Contract does not even mention CMI. (*See id.* at 1–15.) Under these circumstances, Plaintiff simply cannot maintain an action against CMI for breaching a contract to which it was not a party. *See, e.g.*, *Kyser-Smith v. Upscale Commc'ns, Inc.*, 873 F. Supp. 1519, 1524–25 (M.D. Ala. 1995). Nor can the Court conceive of any set of facts that would render CMI contractually obligated to Plaintiff under the Employment Contract. As such, Count II is due to be dismissed *with* prejudice as to CMI.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.  Defendant Cumulus Media, Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 19) is **GRANTED IN PART AND DENIED IN PART**.

    a.  Plaintiff's FLSA claim against Defendant Cumulus Media, Inc. under Count I of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[2] Because Plaintiff referenced the Employment Contract in the Complaint, and attached it thereto, the Court may properly go beyond the four corners of the Complaint in assessing the merits of the instant Motion without converting it into a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).

      b.    Plaintiff's breach of contract claim against Defendant Cumulus Media, Inc. under Count II of the Complaint is **DISMISSED WITH PREJUDICE**.

2. If Plaintiff chooses to amend his Complaint to reassert a claim against Cumulus Media, Inc. under the FLSA, he must do so on or before Wednesday, **August 31, 2016**. Failure to timely file an amended complaint will result in dismissal of Count I **with** prejudice as to Cumulus Media, Inc.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 17, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record