# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID VICKERY,**

       **Plaintiff,**

**v.**                                              **Case No:   6:16-cv-248-Orl-37KRS**

**CUMULUS BROADCASTING, LLC,**

       **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE RESOLUTION AND TO DISMISS ACTION WITH PREJUDICE (Doc. No. 29)**
>
> **FILED:** **January 6, 2017**

## I.  BACKGROUND.

On February 12, 2016, Plaintiff David Vickery filed a complaint against Defendant Cumulus Broadcasting, LLC.[1]  Doc. No. 1.  In the complaint, Plaintiff asserted that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  *Id.*  He also asserted a state law claim for breach of contract.  *Id.*  On January 6, 2017, the parties filed the instant motion informing the Court that they had settled the claims asserted in this case and requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v.*

---

[1] Plaintiff initially named Cumulus Media, Inc., as an additional defendant.  Doc. No. 1.  The Court later dismissed all claims against Cumulus Media, Inc., leaving only Cumulus Broadcasting, LLC, as a defendant in this action.  Doc. Nos. 26, 27.

*United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 29.  The parties did not attach a copy of their settlement agreement to the motion.  They did, however, explain that they have "agree[d] to disagree" and walk away from the FLSA claim with no monetary payment.  *Id.* at 2.  In addition, Defendant has agreed to pay Plaintiff $7,000 for his state law unpaid bonus claim and an additional $3,000 for attorney's fees and costs.  *Id.* at 3.  The parties request that the Court approve the settlement of the FLSA claim and dismiss the action with prejudice.  *Id.* at 7.

The motion was referred to the undersigned, and the matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may enter an order approving a settlement only if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]  If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.   ANALYSIS.

The parties' motion is due to be denied for at least two reasons.

First, the parties have not attached a copy of the fully-executed settlement agreement to their motion.  Even though Plaintiff will not receive a monetary payment in connection with the settlement of his FLSA claim, the parties recognize that he has, nonetheless, compromised his claim. *Id.* at 6.[3]  Thus, the Court requires a "full and adequate disclosure of the terms of settlement" in order to approve the settlement.  *Dees*, 706 F. Supp. 2d at 1243.  At a minimum, this requires the parties to attach a copy of the fully-executed settlement agreement to their motion for settlement approval.

Second, the current motion does not establish that the proposed settlement of the FLSA claim is reasonable.  To assess the fairness of the compromise, the Court must first know how much Plaintiff was claiming in unpaid wages and liquidated damages.  The parties have not provided that information; instead, they have merely stated that, "Plaintiff alleged two years of unpaid overtime pay totaling under $10,000, liquidated damages, and a willful violation."  *Id.* at 1 n. 2.  The parties

---

[3] If the settlement agreement includes any non-monetary provisions that relate to the FLSA claim (such as a confidentiality agreement, a no-rehire provision, or a general release), those terms may also undermine the fairness of the settlement and must be disclosed to the Court.  *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("A pervasive release in an FLSA settlement introduces a troubling imponderable into the calculus of fairness and full compensation."); *Dees*, 706 F. Supp. at 1242-43 ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").

have also not adequately explained why a zero-dollar settlement of a contested FLSA claim is reasonable. Plaintiff also has not conceded that his claims are weak—to the contrary, he continues to "allege in good faith that Defendant misclassified him as an exempt creative professional [and dispute] Defendant's contention that he never or almost never worked overtime hours." *Id.* at 2. While it is possible for a zero-dollar settlement of a substantial FLSA wage claim to be reasonable,[4] the parties have not explained why it is reasonable here. Indeed, the undersigned is in agreement with one of the cases cited by the parties—*Perez-Nunez v. North Broward Hospital District*, 609 F. Supp. 2d 1319 (S.D. Fla. 2009). In that case, the court rejected the parties' argument that a zero-dollar settlement of an FLSA claim was exempt from the need for court approval. Specifically, the court said,

> Defendant contends that because Plaintiff would receive no compensation in return for dismissing her FLSA claim with prejudice, there is no settlement for the Court to approve. The logic of this argument, however, is somewhat backwards. FLSA settlement agreements reached in the context of litigation and approved by a trial court are valid because the expectation is that the adversarial process will result in a fair and equitable compromise. Given a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute. Nothing, however, has been submitted by the Parties in the case to support such a conclusion here.

*Id.* at 1320 (internal citation with quotation omitted).[5]

---

[4] The parties cited cases involving two such circumstances in their motion—when the parties agree that the FLSA overtime claim is meritless, *see Klatt v. All-Brand Food Distrib., Inc*., No. 6:08-cv-2125-Orl-28KRS, 2010 WL 746492, *2 (M.D. Fla. Mar. 3, 2010), and when the plaintiff's FLSA claim is offset by wages that had been overpaid to him, *see Terry v. Waste Mgmt. Inc. of Fla.*, No. 6:06-cv-1473-Orl-28JGG, 2007 WL 604977, *2 (M.D. Fla. Feb. 22, 2007). This case does not appear to present a similar set of facts.

[5] I note that the *Perez-Nunez* court *sua sponte* dismissed the FLSA claims *without prejudice*.

**IV.  CONCLUSION.**

In light of the foregoing, the Joint Motion to Approve Resolution and to Dismiss Action with Prejudice (Doc. No. 29) is **DENIED without prejudice**.  If the parties elect to file a renewed motion for approval of a compromise of Plaintiff's FLSA claim, the following requirements should be satisfied.   First, the renewed motion should be supported by a fully-executed copy of the parties' settlement agreement.  Second, the renewed motion must specify the amount Plaintiff claimed to be owed in unpaid overtime and liquidated damages after considering any information produced during the negotiation process.  Third, the renewed motion must explain why a zero-dollar settlement of a contested and arguably meritorious FLSA claim is reasonable.  If the settlement agreement includes a confidentiality provision, a no-rehire clause, a general release, or any other non-monetary concessions, the renewed motion must explain, with citations to authority, why such provisions are reasonable and comport with *Lynn's Food*.

The Court notes that the parties may expedite *Lynn's Food* review by jointly consenting to magistrate judge jurisdiction.   If the parties consent to magistrate judge jurisdiction they could, for example, request a hearing in which they present the settlement agreement to the magistrate judge for review in open Court and make argument on the issues raised herein.[6]

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2017.

                                             *Karla R. Spaulding*
                                             KARLA R. SPAULDING
                                             UNITED STATES MAGISTRATE JUDGE

---

[6] The Consent to Magistrate Judge Jurisdiction form was attached to the Court's Related Case Order.  Doc. No. 4-3.